UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 0:05-CV-11-HRW

ROBERT SMITH,                                                              PLAINTIFF,

V.

RAMEY-ESTEP HOMES, INC.,                                        DEFENDANT.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [Docket No. 7]. Now fully briefed, this matter is ripe for review.

Plaintiff's Complaint [Docket No. 1], originally filed in Boyd Circuit Court, alleges that he was suspended and later discharged from his employment with Ramey-Estep on account of his race. Plaintiff claims violations of both the Kentucky Civil Rights Act, K.R.S. §§ 344.010, et. seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq. The case was then removed to this Court under 28 U.S.C. §1331 and 28 U.S.C. §1441(b) and (c), for the existence of a Federal Question.

Defendant now moves for Summary Judgment on grounds that Plaintiff's Title VII claim is procedurally barred for failure to exhaust administrative

remedies.[1] There is no evidence in the record of Plaintiff's having filed any charge with the Equal Opportunity Employment Commission. As the Sixth Circuit has said, "[f]iling an EEOC charge against a party is a necessary prerequisite to suit," *Jones v. Truck Drivers Local Union No. 299,* 748 F.2d 1083, 1086 (6th Cir. 1984). In his response, Plaintiff contests this requirement, arguing that under KRS 344.450 he has the option to either pursue an administrative claim or proceed directly to state Circuit Court. While Plaintiff's analysis may be correct with regard to his state law claims, there can be no doubt that in order to get his Title VII claims into court, Plaintiff must have exhausted all administrative remedies under that statute. *Id.*;  42 U.S.C. 2000e-5(f)(1). Plaintiff's Title VII claims must therefore be dismissed.

Defendant also asserts that in the event of a dismissal of the federal claims for failure to exhaust, the Court may retain jurisdiction of the pendent state claims to address them on the merits. That is, Defendant seeks summary judgment of the state claims on the merits. In suits brought under federal question jurisdiction, when the federal claims are dismissed and all that remain are pendent state claims, "remand to state court [is] a matter of discretion." *Harper v.  Autoalliance Int'l., Inc.,* 392 F.3d 195, 211 (6th Cir. 2004). This Court has rarely, if ever,  retained

---

[1] Defendant also urges summary judgment on grounds that go to the merits of Plaintiff's civil rights claims, but the Court need not reach those issues.

jurisdiction of state claims after federal claims fall away, and this case presents no persuasive grounds to do so now. It is believed that the parties are entitled to have their state law claims decided by Kentucky courts. The Kentucky judiciary is in a far superior position to do this

The Court finds that Plaintiff's Title VII claim is procedurally barred for failure to exhaust administrative remedies and must be dismissed. The Court also declines to retain jurisdiction over pendent state claims.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED:**

(1) that Defendant's Motion for Summary Judgment is **SUSTAINED IN PART** and Plaintiff's Title VII claims are **DISMISSED** with prejudice;

(2) that Plaintiff's remaining state claims are **REMANDED** back to Boyd Circuit Court and

(3) a judgment consistent with this opinion shall be entered contemporaneously herewith.

This February 3, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge